**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MONROE FLOWERS, Jr.,

Defendant - Appellant.

No. 13-30002

D.C. No. 2:11-cr-00168-RSL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 6, 2014[**]
Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

James Monroe Flowers, Jr. appeals his convictions for possession of crack

cocaine with the intent to distribute and carrying a firearm during and in relation to

a drug trafficking crime. He argues that the district court erred by denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to suppress evidence obtained as a result of his arrest on February 8, 2011. Specifically, Flowers claims that his motion should have been granted because police lacked probable cause to arrest him and because police used unreasonable force in effecting the arrest. Because the record does not support Flowers's arguments, we affirm the district court's ruling.

Police had probable cause to believe that Flowers committed a crime, and therefore to arrest him. *See United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). Prior to his arrest, police conducted four controlled buys involving Flowers, using two cooperative witnesses. On each occasion, the buyer used the same telephone number to contact Flowers, and the buyer returned with crack cocaine after meeting Flowers. Police closely monitored the buys. At three of the buys, police saw a witness enter a green 1999 Volvo with Washington license plates. At one of the buys, police made a visual identification of Flowers in the car. Finally, Flowers gave police probable cause to arrest him when he showed up driving the same green Volvo at the time and location of the final arranged drug buy. Given these incriminating events that police officers witnessed, Flowers's arguments concerning minor inconsistencies with the controlled buys or the reliability of the cooperating witnesses are unavailing. *See, e.g.*, *United States v. Bishop*, 264 F.3d 919, 926 (9th Cir. 2001) ("That [informant's] action may have

2

been motivated by spite, is not enough to undermine the credibility of his statements . . . .").

Police did not use unreasonable force in arresting Flowers. We agree with the district court that Flowers may have "a causation problem" because it does not appear he can establish the required causal nexus between the alleged Fourth Amendment violation and discovery of the evidence he seeks to have suppressed. *See United States v. Ankeny*, 502 F.3d 829, 837–838 (9th Cir. 2007). But like the district court, we do not reach this issue because the government's interest in public safety and law enforcement officers' safety justified the tactics police used to arrest Flowers. *See id.* at 836. Police were aware that Flowers had prior convictions for reckless driving, for possessing a loaded rifle in his vehicle, and for attempting to evade police, as well as other dangerous crimes. A cooperating witness told police that Flowers "was armed with at least one handgun at all times." If Flowers was armed, as police had reason to believe, his status as a felon and the nature of the crime of arrest would indicate a lengthy prison sentence, giving him a substantial motive to flee.

Under these circumstances, it was reasonable for police officers to employ a method of arrest that deprived Flowers of the ability to flee in his car and possibly endanger police or bystanders. The record does not indicate that the method of

arrest posed a significant danger to Flowers or his passenger, or that it was executed unreasonably under the circumstances.  Therefore, the district court properly ruled that suppression of evidence was not warranted based on the manner of the arrest.

**AFFIRMED.**